2001-NMSC-006

17 P.3d 1019

**STATE of New Mexico, Plaintiff–Petitioner,**

.v.

**James SUNDEEN, Defendant–Respondent.**

No. 26,034.

Supreme Court of New Mexico.

Jan. 30, 2001.

Patricia Madrid, Attorney General, James O. Bell, Assistant Attorney General, Santa Fe, NM, for Petitioner.

Phyllis H. Subin, Chief Public Defender, Nancy M. Hewitt, Assistant Appellate Defender, Santa Fe, NM, for Respondent.

## OPINION

### PER CURIAM

{1} The State appeals from a decision of the Court of Appeals reversing the trial court's denial of Defendant's motion to dismiss an indictment. *State v. Sundeen,* No. 20,245, slip. op. (NMCA Oct. 20, 1999). We affirm the decision of the Court of Appeals and adopt the text of that decision, which reads as follows:

Defendant was charged with violating NMSA 1978, Section 30–7–16 (1987), which makes it unlawful for a felon to possess a firearm. Defendant filed a motion to dismiss the indictment arguing that he was not a felon in any sense of the word or for any purpose. The trial court denied Defendant's motion, but granted his application for interlocutory appeal to resolve the question whether Defendant could be considered a felon for purposes of Section 30–7–16 when he was previously convicted in Colorado of two crimes classified by Colorado as misdemeanors, when the punishment for one of these misdemeanors may include imprisonment for one year, and when Defendant was sentenced to eighteen months of probation and a sixty-day suspended jail sentence. We conclude that Defendant should not be considered a felon under Section 30–7–16, and that the indictment against him should be dismissed.

Defendant was convicted of a crime classified by Colorado as a misdemeanor, but for which Colorado authorized a penalty of one-year imprisonment. *See* Colo.Rev. Stat. § 18–1–106(1) (1998) (authorizing a maximum of twelve-months imprisonment for class two misdemeanor); Colo Rev. Stat. § 18–3–303 (1998) (defining false imprisonment as a class 2 misdemeanor). The question before us is whether Defendant's conviction of Colorado's crime of false imprisonment is a felony for purposes of New Mexico's statute prohibiting felons from possessing firearms. The statute itself defines "felon" as a person "convicted ... [by a state court] to a sentence of

death or one or more years imprisonment." Section 30–7–16(C)(2). Defendant and the State dispute whether this definition requires conviction of a crime for which a sentence of one or more years imprisonment is authorized or whether this definition requires both conviction and sentence to one or more years imprisonment.

The State urges us to read the language of Section 30–7–16(C)(2) as though it mirrored the general definition of a felony. According to the Criminal Code, "[a] crime is a felony ... if upon conviction thereof a sentence of death or of imprisonment for a term of one year or more is authorized." NMSA 1978, § 30–1–6(A) (1963). If we were to read the statute this way, Defendant's indictment would stand because a defendant convicted of false imprisonment in Colorado, as was Defendant in this case, may be sentenced to one-year imprisonment. *See* Colo.Rev.Stat. § 18–1–106(1); Colo Rev. Stat. § 18–3–303. This would be the outcome even though Defendant was only sentenced to a sixty-day suspended jail sentence in Colorado.

■ We decline to interpret the language of Section 30–7–16(C)(2) as though it were the same as the general definition of "felony." When the Legislature has gone to the trouble of providing a specific definition within the section establishing a crime, we understand the Legislature to mean that the specific definition controls for purposes of that crime. *See Saadiq v. Iowa,* 387 N.W.2d 315, 319 (Iowa 1986) (explaining that as between the general definition of a "felony" and the definition of "felony" provided in the felon-in-possession-of-a-firearm statute, the latter controls in a prosecution for possession of a firearm by a felon). Therefore, we conclude that a felon for purposes of this crime is one who is convicted to a sentence of one or more years imprisonment. *See* § 30–7–16(C)(2).

We also conclude that the plain language of this definition requires the State to prove that Defendant was convicted and sentenced to a year or more imprisonment for the underlying offense in order to convict Defendant as a felon in possession of a firearm. The language "convicted to a sentence of" requires us to look at the sentence imposed, not the maximum sentence authorized by statute. Had the Legislature intended the maximum sentence authorized to apply in this type of case, it could have employed more specific language, as it did in the general criminal definition of a felony. *See* § 30–1–6(A) (defining "felony" as a crime for which "a sentence of death or of imprisonment for a term of one year or more *is authorized*") (emphasis added). We presume the Legislature understood and intended the difference between the language of each of these sections.

Our conclusion that the language of Section 30–7–16(C)(2) requires the imposition of a sentence of one or more years, and not just the authority to impose such a sentence, is bolstered by the Supreme Court's recent change in the uniform jury instruction, which now requires proof that a defendant was actually sentenced to prison for a year or more. *Compare* UJI 14–701 NMRA 1999 ("The defendant ... was convicted and sentenced to one or more years imprisonment.") *with* UJI 14–701 NMRA 1998 ("The defendant was previously convicted of the crime of...."). Although a change in an instruction would normally indicate a change in the law, that is not true in this case. Here, the Legislature did not amend the statute in 1998 or 1999. Therefore, the Supreme Court's decision to amend the instruction must reflect its belief that the new instruction more accurately reflects the Legislature's intention in enacting the statute.

■ Because we conclude that Section 30–7–16(C)(2) requires Defendant to have been convicted and sentenced to a year or more imprisonment, and because Defendant was only sentenced to eighteen months probation and a sixty-day suspended sentence, Defendant cannot be considered a felon under the statute. Therefore, we reverse the trial court's denial of Defendant's motion to dismiss the indictment.

{2} **IT IS SO ORDERED.**

SERNA, C.J., BACA, FRANCHINI, MINZNER, and MAES, JJ., concur.