# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 27,396**

**GLENN E. ARDREY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Gary K. King, Attorney General
Francine A. Chavez, Assistant Attorney General
Santa Fe, NM

for Appellee

John Bigelow, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

In this case, we consider whether Defendant's conviction was supported by substantial evidence and whether the length of time between conviction and

sentencing resulted in an unconstitutional delay. We hold that there was substantial evidence to support the conviction and that Defendant failed to establish prejudice resulting from any delay in sentencing. Accordingly, we affirm.

**I.    BACKGROUND**

Defendant was charged by criminal information on one count of possession of a firearm by a felon. NMSA 1978, § 30-7-16 (2001). He stipulated to all of the elements of the crime except his status as a felon. On September 28, 2005, he was convicted by a jury. On October 2, 2006, Defendant had not yet been sentenced, and he filed a motion to dismiss based on unreasonable delay in sentencing. The trial court held a hearing and denied the motion, and on December 21, 2006, the trial court entered a judgment and sentence. Defendant appeals.

**II.    DISCUSSION**

Defendant makes two arguments on appeal. First, he contends that the State presented insufficient evidence to establish the elements of the charged crime. Second, Defendant argues that the delay between conviction and sentencing violated his rights to speedy sentencing and due process. We address each argument in turn.

**A.    Sufficiency of the Evidence**

"When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the [s]tate; we resolve all conflicts and indulge all permissible

inferences in favor of the verdict." *State v. Neatherlin*, 2007-NMCA-035, ¶ 8, 141 N.M. 328, 154 P.3d 703. Defendant was convicted for a violation of Section 30-7-16, which prohibits a felon from possessing, receiving, or transporting a firearm. Because Defendant stipulated that he was in possession of a firearm at the time of his arrest, the State was required to prove only that Defendant had been previously convicted of a felony. *See State v. Sundeen*, 2001-NMSC-006, ¶ 1, 130 N.M. 83, 17 P.3d 1019.

In order to satisfy this element, the State introduced a self-authenticating copy of a 2000 judgment, sentence, and commitment from Curry County (Judgment) and presented the testimony of a single witness. The witness testified that he had spoken to Defendant while Defendant was in Fort Stanton, New Mexico—a rehabilitation facility—and that Defendant had admitted to being in prison. The Judgment shows that a felony conviction was entered against a person with the same first and last name as Defendant. The Judgment also includes the date of birth and social security number of the person named in the Judgment. Defendant argues (1) that the witness could not establish that Defendant was in prison as a result of a felony conviction and (2) that the State offered no evidence to establish that Defendant was the same person referred to in the Judgment. Defendant does not challenge on appeal the trial court's ruling that the Judgment was admissible. The document is in evidence and was relevant to prove that Defendant had been convicted of a felony. Defendant's sole argument on

3

appeal is that the Judgment and the witness testimony are insufficient to support the jury's conclusion that Defendant had been convicted of a felony. We conclude that, in total, the evidence was sufficient to satisfy the elements of the charged crime.

The only fact at issue in this case—the only fact for the jury to determine, was whether Defendant had been previously convicted of a felony. The State provided admissible, relevant evidence to show that Defendant had admitted to having been in prison and that as evidenced by the Judgment, a person with Defendant's rather unusual name had been convicted of a felony. During closing arguments, Defendant pointed out to the jury that the State did not provide any corroborative evidence, which would have directly linked him to the person named in the Judgment. The jury was not persuaded. We will not second-guess the jury's determination of fact. *See State v. Gonzales*, 2008-NMCA-146, ¶ 10, 145 N.M. 110, 194 P.3d 725 (explaining that after a jury has been presented with the parties' divergent explanations for the evidence and makes its determination, "we will not reweigh the evidence in order to second-guess its ultimate conclusion").

We make two observations. First, the fact that Defendant's name is unusual is a persuasive factor in this appeal. The outcome could very well be different had Defendant's name been one commonly used. Secondly, this issue might not be before us had the State provided Defendant's date of birth and social security

4

number—evidence that was apparently readily available, given the observations of the trial court.[1] The State chose instead to rely on a general admission that Defendant had spent time in prison and the connection between Defendant's unusual name and the name on the Judgment. This was sufficient evidence upon which a reasonable jury could have concluded that Defendant had previously committed a felony. *See State v. Rudolofo*, 2008-NMSC-036, ¶ 29, 144 N.M. 305, 187 P.3d 170 ("The question before us as a reviewing Court is not whether we would have had a reasonable doubt but whether it would have been impermissibly unreasonable for a jury to have concluded otherwise."). Accordingly, we hold that the jury reasonably inferred that Defendant was the person to whom the Judgment referred.

**B.     Unconstitutional Delay**

Defendant makes two arguments to support reversal of his convictions based on unconstitutional delay in sentencing: (1) the delay violated his right to speedy sentencing under the Sixth Amendment and (2) the delay violated his due process rights. We begin with the speedy sentencing contentions.

**1.     Speedy Sentencing**

---

[1] When Defendant objected to the admissibility of the Judgment on the basis of foundation, the trial court admitted the document based on a comparison of information on the Judgment and information in the file from which the court concluded that the "[d]ate of birth is the same, [s]ocial [s]ecurity number is the same." Evidence of Defendant's date of birth and social security number was not presented to the jury.

5

This Court has assumed that under the Sixth Amendment, "the speedy trial right extends to sentencing proceedings." *State v. Brown*, 2003-NMCA-110, ¶¶ 9-10, 134 N.M. 356, 76 P.3d 1113. We evaluate four factors in order to determine whether a speedy trial violation has occurred: "(1) the length of the delay, (2) the reasons for the delay, (3) the assertion of the right, and (4) prejudice to defendant." *Id.* ¶ 11. In conducting this analysis, we "defer to the trial court's factual findings but review de novo the question of whether [the d]efendant's constitutional right was violated." *Id.* We need only consider the fourth factor because we conclude that Defendant has failed to demonstrate any prejudice resulting from a delay in sentencing. *See id.* ¶ 21 ("Because the showing of prejudice is critical in a speedy sentencing claim, and because the record does not support a finding of prejudice to [the d]efendant, we need not analyze the remaining factors." (citations omitted)).

Defendant argues that he was prejudiced by the delay because he could not serve his sentences concurrently, he could not earn meritorious deductions, and he was unable to support his family. Defendant fails to explain exactly how he lost the opportunity to serve his sentences concurrently as a result of the delay. The State points out that the day after conviction, Defendant was arrested on a new charge. As a result, Defendant was not sentenced, but instead, he was placed in jail awaiting trial on the new charge. This procedure allowed Defendant to wait for the outcome of the

6

new charge and thereby reserve the opportunity to serve his sentences together if he was convicted on the new charge. Further, Defendant received credit for the time spent incarcerated prior to sentencing.

Defendant's contention regarding the lost opportunity to earn meritorious deductions appears to be based on NMSA 1978, Section 33-2-34 (2006), which permits a prisoner in a correctional facility to earn a reduction in sentence by means of active participation in approved programs. According to Defendant, because he had not yet been sentenced to a correctional facility, he was unable to reduce his sentence in this manner. *See State v. Aqui*, 104 N.M. 345, 349, 721 P.2d 771, 775 (1986) ("Although the Legislature has authorized the Corrections Department and county sheriffs and jail administrators to award good time credits to inmates convicted and confined in their respective institutions, it has chosen not to authorize the awarding of good time credits to persons detained in the county jails prior to trial, conviction, and sentencing."), *limited in part on other grounds by Brooks v. Shanks*, 118 N.M. 716, 719-20, 885 P.2d 637, 640-41 (1994).

To evaluate Defendant's contention, we look to the requirements of the meritorious deduction program. We observe that the program is conditional: only a prisoner who participates in particular programs and maintains good behavior is eligible for deductions. *See* Section 33-2-34(A), (D), (F). Even if eligible for a

deduction, a "prisoner may not earn meritorious deductions unless the recommendation of the classification supervisor is approved by the warden or the warden's designee." Section 33-2-34(B). As a result, whether a defendant would receive good time credit is a matter of pure speculation.

At the stage after conviction but before sentencing, Defendant must establish substantial and demonstrable prejudice. The standard for prejudice is enhanced beyond that required for speedy trial analysis because most "of the interests designed to be protected by the speedy trial guarantee diminish or disappear altogether once there has been a conviction, and the rights of society proportionately increase." *State v. Todisco*, 2000-NMCA-064, ¶ 23, 129 N.M. 310, 6 P.3d 1032 (internal quotation marks and citations omitted). Speculation regarding good time does not rise to the level of prejudice required by *Todisco*. *See id.* ¶ 24. Accordingly, we are unpersuaded that Defendant was prejudiced by the inability to earn meritorious deductions while awaiting both sentencing and a trial on a new charge.

Defendant also argues that he was unable to support his family during the time spent awaiting sentencing. We observe, however, that regardless of the delay in sentencing, Defendant would have been incarcerated while he awaited trial on the new charge. We therefore fail to see the necessary nexus between the asserted prejudice and the delay in sentencing. *See id.* ¶ 29 ("A finding of prejudice . . . requires

evidence showing a nexus between the undue delay and the prejudice claimed."). Defendant has failed to show substantial and demonstrable prejudice resulting from the delay in sentencing. Accordingly, we hold that his Sixth Amendment right to speedy sentencing trial was not violated.

**2.    Due Process**

Defendant contends that the delay in sentencing also violated his due process rights. "To prevail on a claim that delay in the proceedings violated [the d]efendant's right to due process, [the d]efendant must prove prejudice and an intentional delay by the [s]tate to gain a tactical advantage." *Id.* ¶ 30 (internal quotation marks and citation omitted). As we have explained, Defendant failed to establish prejudice as a result of the delay.

On appeal, Defendant additionally appears to argue that the trial court's failure to conduct the sentencing hearing within 90 days, as per Rule 5-701(B) NMRA, was also a violation of due process. A review of the record reveals that Defendant failed to present this argument to the trial court, and it is therefore not preserved for appeal. *See* Rule 12-216 NMRA. As a result, we decline to address the issue. *See State v. Martinez*, 2007-NMCA-160, ¶ 4, 143 N.M. 96, 173 P.3d 18 ("Due process claims will not be addressed when raised for the first time on appeal.").

**III.    CONCLUSION**

We affirm the trial court.

**IT IS SO ORDERED.**

                               _____
                               **CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**