**Certiorari Denied, No. 32,370, June 2, 2010**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-058**

**Filing Date: April 1, 2010**

**Docket No. 29,111**

**MICHAEL DICKSON,**

      **Plaintiff-Appellant,**

**v.**

**CITY OF CLOVIS, CLOVIS POLICE
DEPARTMENT, and OFFICER JOSHUA PARKIN,
individually and in his official capacity,**

      **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY
David P. Reeb, Jr., District Judge**

Daniel R. Lindsey, P.C.
Daniel R. Lindsey
Clovis, NM

for Appellant

Beall & Biehler
Catherine D. Arlowe
Gregory L. Biehler
Albuquerque, NM

for Appellees

## OPINION

**WECHSLER, Judge.**

**{1}**    Plaintiff Michael Dickson brought civil rights actions against Defendants Officer Joshua Parkin, City of Clovis, and Clovis Police Department after Defendant Parkin arrested

1

Plaintiff for felon in possession of a firearm based on dispatch information that Plaintiff was a felon and despite Plaintiff's statement and proffered document asserting that he had received a deferred adjudication in Texas. The district court denied Plaintiff's motion for summary judgment and granted Defendants' motion, determining that Defendant Parkin was entitled to qualified immunity and that there was no evidence that the City of Clovis had any policy or custom regarding arrest that violated civil rights. On Plaintiff's appeal, we affirm.

**BACKGROUND**

**{2}** On May 15, 2007, Defendant Parkin stopped Plaintiff for failing to dim his fog lights while driving. Defendant Parkin cited Plaintiff for violating a city ordinance regarding the fog lights and for driving without insurance. While talking to Plaintiff, Defendant Parkin noticed a handgun in Plaintiff's car. Defendant Parkin called dispatch and requested a criminal history and was informed that Plaintiff was a convicted felon. Defendant Parkin so informed Plaintiff, and Plaintiff responded that he was not a convicted felon, producing an order from Texas (the Texas order) that stated that Plaintiff had a deferred conviction. Upon examining the document, Defendant Parkin did not find anything that indicated that the conviction about which dispatch had informed Defendant Parkin was deferred or that the document was authentic. Therefore, believing Plaintiff to be a convicted felon, Defendant Parkin arrested Plaintiff on a charge of felon in possession of a firearm.

**{3}** As a result of a preliminary hearing and a separate hearing on Plaintiff's motion to suppress, Plaintiff's charges and citations were dismissed. On December 3, 2007, Plaintiff filed this civil case against Defendants, claiming that Defendant Parkin's actions and the Clovis Police Department's inadequate training resulted in negligence, malicious prosecution, assault and battery, wrongful arrest, false imprisonment, and a violation of 42 U.S.C. § 1983 (2006). Plaintiff then filed a motion for summary judgment, to which Defendants responded and filed a cross-motion for summary judgment. On September 8, 2008, the district court issued a decision letter, followed by an order on October 6, 2008, denying Plaintiff's motion and granting Defendants' cross-motion for summary judgment. The district court denied Plaintiff's motion for summary judgment because it found that a material question of fact exists as to whether Plaintiff was a felon on the night of his arrest. It granted Defendant Parkin qualified immunity, determining that "there was no apparent violation of a clearly established constitutional right" because it was reasonable for Defendant Parkin to have been uncertain as to whether a Texas deferred adjudication would be treated the same as a New Mexico deferred sentence. Since Defendant Parkin was entitled to qualified immunity, the district court granted him summary judgment as a matter of law. Finally, the district court granted summary judgment to Defendant City of Clovis, finding no evidence of any policy or custom that allowed or encouraged officers to arrest a citizen in violation of his or her rights. Plaintiff appeals.

**DEFENDANT PARKIN: QUALIFIED IMMUNITY AND SUMMARY JUDGMENT**

**{4}** We initially address Plaintiff's argument that the district court erred because it denied

his motion for summary judgment due to its finding that a question of fact exists as to whether Plaintiff was a felon at the time he was arrested, yet simultaneously granted Defendant Parkin summary judgment on the basis of the existence of the same essential question of fact. Plaintiff has misconstrued the district court's findings. The district court did deny Plaintiff's motion for summary judgment because there was a question of material fact as to Plaintiff's status as a felon on the night of the arrest. Plaintiff's apparent confusion arises because, although the district court did rely on this same fact in its qualified immunity analysis, it did not grant Defendant Parkin summary judgment because of that fact but, rather, granted Defendant Parkin qualified immunity, which entitled him to summary judgment as a matter of law. *Cf. Garcia-Montoya v. State Treasurer's Office*, 2001-NMSC-003, ¶ 6, 130 N.M. 25, 16 P.3d 1084 (referencing qualified immunity as an affirmative defense entitling the immune party to summary judgment). We thus turn to Plaintiff's argument that no question of fact exists as to whether Plaintiff was a felon at the time of his arrest and that, therefore, the district court should have granted his motion for summary judgment and denied Defendant Parkin's motion.

**{5}** "Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. The non-moving party is entitled to all reasonable inferences in support of its claim that an issue of material fact exists." *Sanders v. Montoya*, 1999-NMCA-079, ¶ 2, 127 N.M. 465, 982 P.2d 1064 (internal quotation marks and citation omitted). In this case, both parties filed for summary judgment. For purposes of our analysis, we accept the reasonable inferences supporting Plaintiff's claim—specifically, that Defendant Parkin informed Plaintiff that Plaintiff was a felon in possession of a firearm and that Plaintiff responded by stating that he was not a convicted felon and by producing the Texas order showing the deferred adjudication. However, even accepting Plaintiff's statement of these facts as true, we are not persuaded that Defendant Parkin is liable under Section 1983.

**{6}** We review the applicability of Section 1983 immunity de novo. *Starko, Inc. v. Gallegos*, 2006-NMCA-085, ¶ 11, 140 N.M. 136, 140 P.3d 1085. Section 1983 provides a cause of action against a state official who deprives another of his or her federal rights. *Starko, Inc.*, 2006-NMCA-085, ¶ 10. However, state employees acting within the scope of their employment are entitled to immunity from suit under Section 1983. *Starko, Inc.*, 2006-NMCA-085, ¶ 11. The only way to overcome the presumption of immunity is to show that the official should have known that his or her conduct violated the law. *Kennedy v. Dexter Consol. Sch.*, 2000-NMSC-025, ¶ 10, 129 N.M. 436, 10 P.3d 115. In determining whether the official should have known that his or her conduct was unlawful, we evaluate "(1) whether [the d]efendant's alleged conduct violated a constitutional or statutory right, and (2) whether the right was clearly established at the time of the alleged conduct." *Id.*; *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding that challenged conduct is unlawful if it "violate[s] clearly established [federal] statutory or constitutional rights of which a reasonable person would have known").

**{7}** In this case, therefore, we must determine (1) whether Defendant Parkin's arrest of Plaintiff for being a felon in possession of a firearm violated Plaintiff's right against being arrested without probable cause under the Fourth Amendment to the United States

3

Constitution and (2) whether that right was clearly established at the time of the arrest. As has been well established in New Mexico, arrest without probable cause is indeed a violation of the Fourth Amendment protection against illegal search and seizure. *See State v. Bricker*, 2006-NMCA-052, ¶ 21, 139 N.M. 513, 134 P.3d 800. Further, there is no doubt that such a right was clearly established at the time Defendant Parkin arrested Plaintiff. *See id.* As a result, the determinative issue before us is whether Defendant Parkin had probable cause.

**{8}**    "Whether probable cause exists is a mixed question of law and fact." *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 7, 143 N.M. 455, 176 P.3d 1187 (filed 2007) (internal quotation marks and citation omitted), *cert. denied*, 2008-NMCERT-002, 143 N.M. 665, 180 P.3d 672. Since the facts in this case are not in dispute, we review the district court's legal conclusions de novo. *See id.* "An officer has probable cause to arrest when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed." *Id.* ¶ 9.

**{9}**    Plaintiff does not dispute that Defendant Parkin observed a firearm in Plaintiff's car, that Plaintiff confirmed ownership of the gun, or that Defendant Parkin then requested a criminal history from dispatch. Plaintiff also does not dispute that dispatch informed Defendant Parkin that Plaintiff was a felon or that Defendant Parkin approached Plaintiff with this information. Plaintiff instead argues that when Plaintiff responded that he was not a felon because he had received a deferred adjudication and proffered a copy of the Texas order as proof of the deferred adjudication, Defendant Parkin should have investigated the matter further. Plaintiff additionally argues that Defendant Parkin was not entitled to summary judgment because New Mexico case law clearly establishes that out-of-state deferred adjudications are treated as New Mexico deferred sentences and that a person who has received a deferred sentence in New Mexico is not a "felon" for purposes of the felon in possession of a firearm statute.

**{10}**    Assuming without deciding that Plaintiff's assertions of the law regarding the impact of deferred adjudications on the statute are true, a question of material fact nonetheless remains as to whether it was clear if Plaintiff was a felon in possession of a firearm at the time of his arrest. This question of fact remains not because the area of law presents uncertainty, as the district court found, but rather because of the evidence in the record. *See State v. Garcia*, 2009-NMSC-046, ¶ 12, 147 N.M. 134, 217 P.3d 1032 (reiterating that we affirm if the district court was "right-for-any- reason"). Specifically, the Texas order that Plaintiff showed to Defendant Parkin when claiming that he had a deferred adjudication does not indicate the charge to which the order pertained, whether the charge was for a felony, or, most importantly, whether the order pertained to the same charge as the felony identified by dispatch. It does clearly indicate that a case was dismissed without any adjudication of guilt and that Defendant was discharged from further supervision.

**{11}**    Plaintiff argues that when presented with this evidence, Defendant Parkin should have investigated further because the evidence would have negated probable cause and because officers may not ignore available evidence or undisputed facts that a reasonable officer would consider. However, Plaintiff provides no evidence or authority to show that a reasonable officer would not have made an arrest until the officer could further investigate

4

an out-of-state order containing no added clarity or relevant information.  As such, we assume no such authority exists.  *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (holding that arguments in briefs must be supported by cited authority and that, when they are not, we assume counsel was unable to find supporting authority). Moreover, the Texas order does not actually dispute the information that dispatch provided Defendant Parkin since the order did not contain sufficient information to appear relevant at the time of the arrest.

**{12}** We note that Plaintiff does not argue in his brief in chief that Defendant Parkin is subject to Section 1983 liability because he stopped Plaintiff without reasonable suspicion, thereby unlawfully detaining Plaintiff in violation of Plaintiff's clearly established Fourth Amendment rights.  Therefore, we do not address this argument.  *See Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085, ¶ 31, 142 N.M. 209, 164 P.3d 90 (holding that the plaintiffs abandoned their arguments when they failed to include them in their brief in chief).

**{13}** The district court did not err in granting Defendant Parkin qualified immunity because Defendant Parkin reasonably believed that he had probable cause to arrest Plaintiff. As a result, the district court correctly granted Defendant Parkin summary judgment as a matter of law.  Similarly, the district court did not err in concluding that a question of material fact exists as to Plaintiff's felony status at the time of arrest, thereby denying Plaintiff's motion for summary judgment.

## CITY OF CLOVIS:  SUMMARY JUDGMENT

**{14}** Plaintiff next contends that the district court erred in granting Defendant City of Clovis' motion for summary judgment on the basis of a lack of evidence of municipal liability.  Specifically, Plaintiff argues that the municipality had customs and policies of inadequate police training and is, therefore, liable under Section 1983. Because Defendant Parkin is entitled to qualified immunity, there is no basis for municipal liability.

**{15}** Section 1983 liability cannot be based upon the doctrine of respondeat superior. *Gallegos v. State*, 107 N.M. 349, 353, 758 P.2d 299, 303 (Ct. App. 1987), *limitation of holding on other grounds recognized by Callaway v. N.M. Dep't of Corr.*, 117 N.M. 637, 642, 875 P.2d 393, 398 (Ct. App. 1994).  Instead, Plaintiff needed to show "direct personal involvement by [D]efendants in the violation of [P]laintiff's rights."  *Id.*  To show supervisory liability under Section 1983, Plaintiff needed to establish (1) that there was "a deprivation of [P]laintiff's constitutional rights by an employee under the control of [Defendants]"; (2) that the deprivation rises "to the level of deliberate indifference, or result[s] from reckless disregard of [P]laintiff's rights"; and (3) that Defendants had notice of the harm.  *Gallegos*, 107 N.M. at 353, 758 P.2d at 303 (citations omitted).  Additionally, there must be an affirmative link between the deprivation to Plaintiff and the actions or inactions of Defendants—specifically, that Defendants had notice of the risk of harm and failed to implement a policy to correct the conduct.  *See id.* at 353-54, 758 P.2d at 303-04.

**{16}** Plaintiff fails on the first point.  As established above, when Defendant Parkin

5

arrested Plaintiff for felon in possession of a firearm, he did not deprive Plaintiff of his constitutional right because the question of Plaintiff's felony status at the time of the arrest was uncertain and, as a result, Defendant Parkin reasonably believed that he had probable cause. The district court did not err in granting summary judgment to Defendant City of Clovis on the grounds that no evidence exists for municipal liability.

**REMAINING TORT ACTIONS**

**{17}** Plaintiff finally argues that the district court erred in dismissing his remaining causes of action for negligence, false imprisonment, malicious prosecution, assault and battery, and wrongful arrest. Plaintiff first claims that Deputy Parkin was negligent because he did not take the time to check the validity of Plaintiff's felony conviction after he was presented with the Texas order.

**{18}** NMSA 1978, Section 41-4-4(A) (2001) grants public employees immunity from tort actions except for those waived by the Religious Freedom Restoration Act and by NMSA 1978, Sections 41-4-5 to -12 (1976, as amended through 2007). Section 41-4-12 states that Section 41-4-4 immunity

> does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

A plaintiff must specifically allege one of the enumerated torts listed in the statute to overcome an officer's immunity under Section 41-4-4. *See Lessen v. City of Albuquerque*, 2008-NMCA-085, ¶ 35, 144 N.M. 314, 187 P.3d 179 (stating that Section 41-4-12 immunity "applies when negligence is alleged only if the negligence caused an enumerated tort or violation of rights"), *cert. denied*, 2008-NMCERT-005, 144 N.M. 331, 187 P.3d 677. The Legislature did not leave room in the list for other acts of negligence. Indeed, if the Legislature had intended to include other acts or the tort of simple negligence, it could have done so. *See City of Roswell v. Smith*, 2006-NMCA-040, ¶ 12, 139 N.M. 381, 133 P.3d 271 (noting that the Legislature could have included language in a statute if it had so desired).

**{19}** Moreover, it is well established in New Mexico that Section 41-4-12 immunity is not waived in an action for negligence standing alone. *Lessen*, 2008-NMCA-085, ¶ 35. As stated in *Lessen*, "no case has held that simple negligence in the performance of a law enforcement officer's duty amounts to commission of one of the torts listed in [Section 41-4-12]." *Id.* ¶ 38 (alteration in original) (internal quotation marks and citation omitted). Although Plaintiff does recite Section 41-4-12 and lists the torts contained therein, he does not specify an enumerated tort in his negligence claim.

**{20}** Additionally, allegations of negligence based on one of the torts specified in Section

41-4-12 are appropriate only when a law enforcement officer's negligence allegedly caused a third party to commit one of the enumerated intentional acts. *Lessen*, 2008-NMCA-085, ¶ 39. Plaintiff makes no assertion that Defendant Parkin's alleged negligence caused a third party to commit any intentional tort. The district court did not err in dismissing Plaintiff's cause of action for negligence.

{21}    The remainder of Plaintiff's claims—false imprisonment, malicious prosecution, assault and battery, and wrongful arrest—are each specified torts listed in Section 41-4-12 and, as such, could subject Defendant Parkin to civil liability. However, Plaintiff's claims for false imprisonment, false arrest, and malicious prosecution presuppose that Defendant Parkin did not have probable cause to arrest Plaintiff for felon in possession of a firearm. *See Santillo v. N.M. Dep't of Pub. Safety*, 2007-NMCA-159, ¶ 12, 143 N.M. 84, 173 P.3d 6. Plaintiff's assault and battery claim also presupposes a lack of probable cause because Plaintiff argues that Defendant Parkin "arguably" committed assault and battery on Plaintiff because he had no valid reason to arrest Plaintiff, the arrest caused Plaintiff harm, and, therefore, "his conduct was offensive." As established above, Defendant Parkin had probable cause to make the arrest. Plaintiff's claims were properly dismissed.

**CONCLUSION**

{22}    We affirm the district court's grant of Defendants' motion for summary judgment and dismissal of Plaintiff's motion for summary judgment and remaining causes of action.

{23}    **IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**

**Topic Index for *Dickson v. City of Clovis*, Docket No. 29,111**

| **CP** | **CIVIL PROCEDURE** |
| CP-SJ | Summary Judgment |
| | |
| **CR** | **CIVIL RIGHTS** |
| CR-SE | Section 1983 Actions |
| CR-WA | Wrongful Arrest |
| | |
| **CT** | **CONSTITUTIONAL LAW** |

| | |
|---|---|
| CT-FA | Fourth Amendment |
| **CL** | **CRIMINAL LAW** |
| CL-WO | Weapons Offences |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-DS | Deferred Sentence |
| CA-PA | Probable Cause |
| **NG** | **NEGLIGENCE** |
| NG-RS | Respondeat Superior |
| **TR** | **TORTS** |
| TR-FI | False Imprisonment |
| TR-IM | Immunity |
| TR-MP | Malicious Prosecution |
| TR-NG | Negligence |
| TR-TA | Tort Claims Act |