This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**THE ESTATE OF JOSEPH GLENN PRUITT, through its Personal Representative TODD HOLMES,**

Plaintiff-Appellant,

**v.**                                                          **No. A-1-CA-34618**

**JAMES GUINN and ROGER SCHOOLCRAFT,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, District Judge**

J. Robert Beauvais, P.A.
J. Robert Beauvais
Ruidoso, NM

for Appellant

Brennan & Sullivan, P.A.
Frank D. Weissbarth
James P. Sullivan
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}    Todd Holmes (Plaintiff), as personal representative of the estate of Joseph Glenn Pruitt, alleges that James Guinn and Roger Schoolcraft (collectively, Defendants), both officers in the Alamogordo Police Department, breached their statutory duties when they failed to arrest or file a complaint against Lawrence Tarbert, and that such breach caused the death of Pruitt, who was later killed by Tarbert. Both parties filed motions for summary judgment. The district court concluded that Defendants had not breached their duties as a matter of law and granted Defendants' motion and denied Plaintiff's motion. We affirm.

## BACKGROUND

{2}    Because this is a memorandum opinion and the parties are familiar with the facts and procedural posture of this case, we set out only the facts pertinent to the issues analyzed.

### I. Factual Background

{3}    Plaintiff did not specifically dispute the following facts, which were set out in Defendants' motion for summary judgment. *See* Rule 1-056(D)(2) NMRA (stating that, in the non-movant's response, "[e]ach fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and shall state the number of the moving party's fact that is disputed. All material facts set forth in the statement of the moving party shall be deemed admitted unless specifically controverted."). In January 2011, Alamogordo

2

Police Department officers began investigating the theft of a firearm from Alamo Area Auto Sales (Alamo). A few weeks later, the owner of the firearm, who was also the owner of Alamo and Tarbert's former employer, reported that the gun had been returned. At the owner's request, the Alamogordo Police Department did not question his employees about the matter and the owner later sold the gun to a third party.

{4} Officers then opened an investigation into the owner's allegations that Tarbert had taken money from Alamo and destroyed its computerized records. In the course of that investigation, an officer spoke to Thomas Siple, who said he had been Tarbert's roommate and worked with him at Alamo. Siple told the officer that both he and Tarbert had fired the gun that had been stolen from Alamo while the two were together in the nearby Red Hills; that Tarbert had provided the gun on that occasion; and that the gun was eventually returned to the dealership. He repeated these allegations in a subsequent interview conducted by Officer Schoolcraft.

{5} In May 2011, Tarbert went to the Alamogordo Police Department to reiterate his allegations, first made in March 2011, that the owner was harassing him and had engaged in fraudulent activity. He was interviewed by Officer Guinn. During the course of the interview, Tarbert stated that he had been convicted of a felony in Massachusetts and that his judgment and sentence did not prohibit him

3

from possessing a firearm. He also said that, at some time in the past, he had possessed a gun provided by Siple.

{6} Officer Schoolcraft also interviewed Tarbert. Tarbert told Officer Schoolcraft that he had not taken the gun from Alamo and that Siple had provided the gun for their shooting excursion. He acknowledged that it might have been the same gun taken from and later returned to the dealership. Plaintiff alleges that Tarbert killed Pruitt approximately ten days after this interview, at a time when Tarbert and Pruitt were roommates.

## II.    Procedural Background

{7}    Plaintiff's complaint alleged that Defendants were negligent for failing to arrest and charge Tarbert. Specifically, Plaintiff alleged:

> 10.    Despite Defendants' knowledge that Tarbert had confessed to a felony and was a suspect in another felony, Defendants did nothing to arrest or charge Tarbert with any crime. Instead, Defendants released Tarbert and did nothing to follow up on a warrant or criminal charges.

> 11.    There was and is no reasonable excuse or justification for Defendants' failure to pursue charges and arrest Tarbert.

Plaintiff further alleged:

> 17.    Defendant[]s['] breached the[ir statutory] duties *when they failed to arrest and pursue charges against Tarbert for being a felon in possession of a firearm.* Defendants failed to exercise the care of reasonably

4

prudent and qualified officers while investigating Tarbert.

18.    As a direct and proximate result of Defendants' failure to arrest and pursue charges against Tarbert, Tarbert was not jailed and remained free which gave him the opportunity to batter and kill . . . Pruitt.

(Emphasis added.) Plaintiff relies on two distinct statutes to define Defendants' duty.[1] First, he cites to NMSA 1978, Section 4-41-2 (Kearny Code, Sheriffs, § 4, (1915, amended 2018), which provides that officers shall "*apprehend and commit to jail, all felons and traitors*, and cause all offenders to keep the peace and to appear at the next term of the court and answer such charges as may be preferred against them." (Emphasis added.) Second, he points to NMSA 1978, Section 29-1-1 (1979), whose terms provide, in relevant part, that it is

the duty of every sheriff, deputy sheriff, constable and every other peace officer to investigate all violations of the criminal laws of the state which are called to the attention of any such officer or of which he is aware, and *it is also declared the duty of every such officer to diligently file a complaint or information, if the circumstances are such as to indicate to a reasonably prudent person that such action should be taken*[.]

---

[1]Plaintiff also cited NMSA 1978, Section 3-13-2(A)(4)(d) (1988), which provides that "[a] police officer of a municipality shall[] . . . apprehend any person in the act of violating the laws of the state or the ordinances of the municipality and bring him before competent authority for examination and trial." Because Tarbert was not in the act of violating a law when Defendants interviewed him, this statute finds no application here.

(Emphasis added.) Defendants do not dispute the applicability of the cited statutes to this action or that immunity under the New Mexico Tort Claims Act does not apply here. *See Torres v. State*, 1995-NMSC-025, ¶ 11, 119 N.M. 609, 894 P.2d 386 (noting that our cases recognize private causes of action "under Section 41-4-12 [of the New Mexico Tort Claims Act] when [a] law enforcement officer's negligent failure to discharge duties under Section 29-1-1 results in personal injury."

**{8}** Both parties moved for summary judgment on the narrow issue of whether Defendants had breached their statutory duties by failing to arrest Tarbert or file a complaint against him for being a felon in possession of a firearm[2] contrary to NMSA 1978, § 30-7-16 (2001, as amended through 2018). After a hearing on the motions, the district court found that, while there were questions of material fact as to whether Tarbert actually possessed a firearm, the undisputed facts demonstrated that Defendants did not have probable cause to believe that Tarbert was a felon as

---

[2]To the extent Plaintiff argues that summary judgment was improper because there were questions of material fact as to whether Defendants should have filed a complaint against Tarbert for stealing a firearm from his employer or conspiring to commit other crimes, we decline to address these contentions because they were not raised in the motions for summary judgment nor decided by the district court. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688. ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)); *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 (declining to address an unpreserved issue).

6

defined by Section 30-7-16(C)(3). It therefore found that Defendants did not breach their statutory duties as a matter of law and denied Plaintiff's motion while granting Defendants' motion. Plaintiff appealed.

**DISCUSSION**

{9}     Courts reviewing a motion for summary judgment must review the facts and make all reasonable inferences in the light most favorable to the non-moving party. *Phoenix Funding, LLC v. Aurora Loan Servs., LLC*, 2017-NMSC-010, ¶ 17, 390 P.3d 174. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 1-056(C). We review these questions of law de novo. *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582.

{10}     It is axiomatic that a statute setting forth an officer's duties cannot nullify Fourth Amendment protections. *See Muncy v. Beutler*, 2014 WL 3962464, at *7 (N.D. Ohio Aug. 13, 2014) (rejecting an argument that officers' warrantless entry into the plaintiff's home was reasonable because a state statute required officers to arrest someone observed committing a felony and stating that "the statute cannot override clearly established Fourth Amendment jurisprudence"); *cf. Torres*, 1995-NMSC-025, ¶ 10 (noting that, while "the [L]egislature, as the voice of the people, .

7

. . make[s] public policy[,]" it does so "[w]ith deference always to constitutional principles"). Hence, an arrest or complaint must be supported by probable cause even when filed pursuant to clearly articulated statutory duties. *See Milliron v. Cty. of San Juan*, 2016-NMCA-096, ¶¶ 29-30, 384 P.3d 1089 (holding that an officer did not breach his duty under Section 29-1-1 by failing to arrest where he lacked probable cause to arrest and the statutes defining the traffic offenses committed did not authorize custodial arrest); *Dickson v. City of Clovis*, 2010-NMCA-058, ¶ 7, 148 N.M. 831, 242 P.3d 398 ("As has been well established in New Mexico, arrest without probable cause is . . . a violation of the Fourth Amendment protection against illegal search and seizure.").

{11}    We therefore examine whether the facts known to Defendants after interviewing Tarbert would have indicated to a "reasonably prudent person" that there was probable cause to arrest Tarbert or to file a complaint against him for possession of a firearm contrary to Section 30-7-16. *See* § 29-1-1 (stating that an officer has a duty to file a complaint "if the circumstances are such as to indicate to a reasonably prudent person that such action should be taken"); *Torres*, 1995-NMSC-025, ¶ 20 ("[A] failure to act, to be negligent, must be a failure to do an act which a reasonably prudent and qualified law enforcement officer, in the exercise of ordinary care, would do." (internal quotation marks and citation omitted)).

**{12}** The facts surrounding a suspect's sentence are important to determining whether the suspect qualifies as a "felon" within the meaning of Section 30-7-16. To be guilty of being a felon in possession of a firearm, the defendant must have possessed a firearm and "in the preceding ten years, [been] convicted and sentenced to one or more years imprisonment by a court . . . of any state." UJI 14-701 NMRA; § 30-7-16(C)(3)(a). Under Section 30-7-16, a "felon" does not include a defendant who was convicted of a felony but received a deferred sentence. Section 30-7-16(C)(3)(c); UJI 14-701 committee commentary. Instead, to be a "felon," the defendant must have been sentenced to imprisonment of over a year. *State v. Sundeen*, 2001-NMSC-006, ¶ 1, 130 N.M. 83, 17 P.3d 1019 (per curiam) (stating that the statute requires "proof that a defendant was actually sentenced to prison for a year or more"). It is not sufficient that the violated statute permits sentences of a year or more. *Id*.

**{13}** The district court properly concluded that the critical issue here was whether Defendants had probable cause to believe that Tarbert was a felon within the meaning of the statute. "An officer has probable cause to arrest when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed." *State v. Morales*, 2008-NMCA-102, ¶ 11, 144 N.M. 537, 189 P.3d 670 (internal quotation marks and citation omitted). "Probable cause requires more than a bare suspicion of criminal

9

activity, but it does not require evidence sufficient to support a conviction." *Benavidez v. Shutiva*, 2015-NMCA-065, ¶ 13, 350 P.3d 1234. Probable cause must "be judged by facts as they appeared at the time, not by later-discovered facts[,]" *Weststar Mortg. Corp. v. Jackson*, 2003-NMSC-002, ¶ 16, 133 N.M. 114, 61 P.3d 823, and "in relation to the circumstances as they would have appeared to a prudent, cautious and trained police officer." *State v. Ochoa*, 2004-NMSC-023, ¶ 9, 135 N.M. 781, 93 P.3d 1286 (internal quotation marks and citation omitted). "The existence of 'probable cause[]' . . . involves a case-by-case examination of the facts, and no two cases are precisely alike." *State v. Aull*, 1967-NMSC-233, ¶ 19, 78 N.M. 607, 435 P.2d 437. Finally, "whether the facts amount to probable cause[] is a question of law and shall be decided by the trial judge." *Weststar Mortg. Corp.*, 2003-NMSC-002, ¶ 17 (internal quotation marks and citation omitted).

{14} Here, it is undisputed that Tarbert told Defendants that he had been convicted of a felony in Massachusetts[3] and that the judgment and sentence did not prohibit him from possessing firearms. Plaintiff adduces no evidence that

---

[3]In his affidavit, Officer Schoolcraft states that Tarbert was convicted of embezzlement in 2003. It is not clear whether this information was disclosed to Defendants during the interviews with Tarbert or obtained later, as Officer Guinn's report of his interview with Tarbert does not include this information. Assuming that Defendants obtained this information at the time they interviewed Tarbert, this fact does not change our analysis.

Defendants knew any other information about Tarbert's conviction and sentence after the interviews with Tarbert.

{15} Given that not every convicted felon is a "felon" under Section 30-7-16(C)(3), we agree with the district court that, under the particular circumstances of this case, Defendants' interviews with Tarbert did not establish probable cause for arrest or the filing of a complaint. Because of the nuances of Section 30-7-16(C)(3), Tarbert's statement that he was a felon was insufficient, on its own, to establish probable cause. There is no evidence that Defendants knew any other information about Tarbert's sentence such as the term of imprisonment, if any; whether the sentence was deferred; or the amount of probationary time, if any.[4] *See Sundeen*, 2001-NMSC-006, ¶ 1 (stating that "because [the d]efendant was only sentenced to eighteen months probation and a sixty-day suspended sentence, [the d]efendant [could not] be considered a felon under the statute"). In addition, Tarbert stated that his judgment and sentence did not prohibit him from possessing a firearm, which would suggest to a reasonable officer that more inquiry into Tarbert's sentence was necessary to assess whether he was a felon under Section 30-7-16. *Cf. Dickson*, 2010-NMCA-058, ¶¶ 9, 13 (holding that an officer reasonably believed there was probable cause to arrest where he had (1) "observed

---

[4]Plaintiff does not allege in his complaint or motion for summary judgment that Defendants were negligent in failing to further investigate Tarbert's Massachusetts conviction.

11

a firearm in [the p]laintiff's car;" (2) the plaintiff "confirmed ownership of the gun;" and (3) "dispatch . . . informed [the officer] that [the p]laintiff was a felon," and (4) although the plaintiff told the officer that he had received a deferred sentence, the plaintiff's documentation of the sentence did not "actually dispute the information that dispatch provided [to the officer]").

{16}    Although Plaintiff states that "it is clear Defendants possessed probable cause to arrest Tarbert[,]" he offers no analysis of the facts vis á vis the elements of Section 30-7-16, and "provides no evidence or authority to show that a reasonable officer would . . . have made an arrest." *Dickson*, 2010-NMCA-058, ¶ 11. Nor does Plaintiff address the relevance of Tarbert's statement that he was not prohibited from possessing firearms or the fact that Tarbert voluntarily admitted that he was a convicted felon on multiple occasions and went to the police station multiple times. The sum total of Plaintiff's argument is a citation to *Maryland v. Pringle*, 540 U.S. 366 (2003), for the unremarkable propositions that "[t]he probable cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances" and that "the substance of all the definitions of probable cause is a reasonable ground for belief of guilt, and that the belief of guilt must be particularized with respect to the person to be searched or seized." Given the fact-specific inquiry necessary to a probable cause determination, Plaintiff's single case citation and conclusory

assertion that Tarbert's statements alone provide probable cause and thereby compelled Tarbert's arrest simply do not adequately address the issue. *See Holt v. N.M. Dep't of Taxation & Revenue*, 2002-NMSC-034, ¶ 5 n.1, 133 N.M. 11, 59 P.3d 491 (stating that petitioners "should properly present this court with the issues, arguments, and proper authority. Mere reference in a conclusory statement will not suffice and is in violation of our rules of appellate procedure." (internal quotation marks and citation omitted)).

{17}   We conclude that, under the circumstances here, there was no probable cause to arrest Tarbert or file a complaint against him after the May 2011 police interviews. Hence, we uphold the district court's conclusion that Defendants did not breach their statutory duties as to this issue.

{18}   Plaintiff posits two final arguments. First, although Plaintiff himself affirmatively asked the district court to determine the question in his motion for summary judgment, Plaintiff now reverses course on appeal in arguing that the district court should not have addressed whether Defendants breached their statutory duties because "[t]hese types of findings . . . are improper as they involve a function usually reserved to the jury." We agree that whether a duty was breached is usually a question for the jury. *Pollock v. State Highway & Transp. Dep't*, 1999-NMCA-083, ¶ 20, 127 N.M. 521, 984 P.2d 768 (stating that "breach of duty and proximate cause are factual questions for the jury"). However,

in certain circumstances "[a] court may . . . decide whether a defendant did or did not breach [a] duty . . . as a matter of law[.]" *Rodriguez v. Del Sol Shopping Ctr. Assocs.*, *L.P.*, 2014-NMSC-014, ¶ 24, 326 P.3d 465. Here, the question of breach depends on a matter of law—probable cause—and the facts underlying that determination are undisputed. Therefore, it was appropriate for the district court to decide this issue. *Cf. Dickson*, 2010-NMCA-058, ¶ 13 (holding that the district court did not err in granting summary judgment based on qualified immunity to an officer based on the district court's determination that the officer "reasonably believed that he had probable cause to arrest [the p]laintiff").

{19}     Finally, Plaintiff argues that the district court erred when it "first found that Plaintiff's proffered facts were contested and then found that Defendant's proffered facts were uncontested" where "the proffered facts were virtually identical." Plaintiff's argument is unavailing. As noted in our discussion, the district court relied on the undisputed facts surrounding Defendants' knowledge of Tarbert's felony conviction. Its determination that the facts within Defendants' knowledge did not rise to the level of probable cause was dispositive as to both of the summary judgment motions, even if there were disputed facts as to other issues.

**CONCLUSION**

{20}    Because there was no probable cause to support Tarbert's arrest or the filing of a complaint against him after his May 2011 police interviews, we conclude that Defendants did not breach their statutory duties as a matter of law. Therefore, we affirm the district court's grant of summary judgment in favor of Defendants and its denial of Plaintiff's motion for summary judgment.

{21}    **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**J. MILES HANISEE, Judge**

_____

**BRIANA H. ZAMORA, Judge**

15