2008-NMCA-146

194 P.3d 725

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Richard GONZALES, Defendant–
Appellant.**

**No. 26,290.**

Court of Appeals of New Mexico.

July 2, 2008.

Certiorari Denied, No. 31,246,
Sept. 18, 2008.

Gary K. King, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, NM, for Appellee.

Law Offices of Nancy L. Simmons, P.C., Nancy L. Simmons, Albuquerque, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} A jury convicted Defendant Richard Gonzales of two counts of burglary and one count of conspiracy to commit burglary. On appeal, Defendant contends that the evidence presented at trial was insufficient to support his convictions, among other issues. In a memorandum opinion filed concurrently with this opinion, we address the other issues. In this opinion, we consider whether the evidence presented at trial was sufficient to support Defendant's convictions. We affirm.

## BACKGROUND

{2} Westlake Hardware, a retail store located in Roswell, was burglarized one night in June 2004. A surveillance camera recorded several individuals taking items from a cement pad that was attached to the store and covered by a corrugated metal roof that was supported by metal posts. A door that led into Westlake Hardware was directly connected to the open-air, covered area, and the covered area was surrounded by an open yard, which in turn was surrounded by a chain-link fence topped with barbed wire. The burglars cut a hole in the fence, entered the yard, and removed several items from the covered area.

{3} After Westlake Hardware offered a reward for information about the night in question, an anonymous informant contacted an employee of the store and stated that some of the stolen items could be found at Defendant's residence. The employee contacted Detective Rusty Brisco of the Roswell Police Department, who then went to Defendant's residence to investigate. While approaching the front door, Detective Brisco saw several items in Defendant's front yard that matched the description of the property stolen from Westlake Hardware, including an open bag of fertilizer, a hose reel, a surveillance camera in a front window, and a brand new air conditioner in another front window.

{4} Detective Brisco then drafted an affidavit for a search warrant in which he described everything that he had observed while investigating at Defendant's residence. A judge subsequently issued a warrant to search Defendant's residence, the warrant was executed, and Defendant was arrested on charges related to the burglaries of Westlake Hardware. Following a jury trial, Defendant was found guilty of two counts of burglary and one count of conspiracy to commit burglary. He now contests his convictions in this appeal.

## SUFFICIENCY OF THE EVIDENCE

{5} Defendant argues that the evidence presented at trial was insufficient to result in his convictions. Our review of a sufficiency of the evidence question involves a two-step process. *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994). Initially, we view the evidence in the light most favorable to the verdict, and then we must "make a legal determination of whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). Defendant makes several arguments regarding the alleged insufficiency of the evidence presented at trial, and we address each in turn.

{6} First, Defendant argues that because there was insufficient evidence presented at trial to lead to a conclusion that the area from which the stolen items were taken was a "structure," he should not have been convicted of burglary. *See* NMSA 1978, § 30-16-3 (1971) ("Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or

immovable, with the intent to commit any felony or theft therein."). In support of his argument, Defendant relies on *State v. Foulenfont*, 119 N.M. 788, 789–91, 895 P.2d 1329, 1330–32 (Ct.App.1995), in which we held that a chain-link fence around a business was not a structure under our burglary statute. In *Foulenfont*, we came to our decision after acknowledging that the legal definition of a structure includes (1) "[a]ny construction ... artificially built up or composed of parts joined together in some definite manner" and (2) "an edifice or building of any kind." *Id.* at 790, 895 P.2d at 1331 (internal quotation marks and citation omitted).

{7} In response to Defendant's argument, the State cites *Garrett v. State*, 259 Ga.App. 870, 578 S.E.2d 460, 462–63 (2002), in which the Georgia Court of Appeals considered whether a shelter that was open on three sides, covered by a roof, and attached to a business's main building could be considered a "building" under Georgia's burglary statute. In *Garrett*, the shelter served the purpose of storing commercial goods and was "completely enclosed within the chain-link fence that surround[ed] the building compound, rendering the shelter and its contents unavailable to the public when the business [was] secured." *Id.* at 463. Accordingly, the court held that the shelter was a "building" under Georgia's burglary statute. *Id.*

{8} Our review of the record reveals that the covered area in question in this case is virtually identical to the one considered in *Garrett*. The evidence introduced at trial showed that the covered area is open on three sides but directly attached to the wall of Westlake Hardware, it is covered by a roof supported by metal girders, it is used to store merchandise and equipment, a door from the main building leads from the store into the covered area, and a chain-link fence topped with barbed wire abuts the open yard that surrounds the covered area. Accordingly, as the court did in *Garrett*, we conclude that the covered area is an example of the kind of "prohibited space" within a "structure" that the legislature intended to protect when it enacted our burglary statute. *See Foulenfont*, 119 N.M. at 790, 895 P.2d at 1331 (explaining that "the type of harm or

evil the legislature intended to prevent" when it enacted our burglary statute was to prevent the intrusion of one into the "prohibited space" of another); *cf. State v. Rodriguez*, 101 N.M. 192, 194, 679 P.2d 1290, 1292 (Ct.App.1984) (holding that the bed of a pickup truck, because it was part of the vehicle, fell within the protection provided by our burglary statute). Therefore, the evidence presented at trial concerning the covered area was sufficient to support the jury's conclusion that the area constituted a "structure" under our burglary statute.

{9} Second, Defendant argues that the evidence presented at trial was insufficient to support a conclusion that he burglarized Westlake Hardware. In support of his argument, Defendant asserts that the surveillance video that was shown to the jury was so "grainy" that it was impossible for the jury to identify Defendant as one of the burglars. Accordingly, Defendant argues that there was no "additional corroborating evidence" that tended to show that it was Defendant who stole the property that was found at his home. The video, while grainy, was not worthless, as Defendant argues. One can discern body types, clothing, hair styles, and some features on it. In addition, a police officer testified that images on the video were of Defendant and that Defendant wore clothes similar to the images when the officer first saw him ten days after the night in question. Therefore, the jury, as factfinder, was free to give the surveillance footage whatever weight that it determined to be appropriate. *See State v. Trujillo*, 2002-NMSC-005, ¶ 28, 131 N.M. 709, 42 P.3d 814 ("We will not reweigh the evidence or substitute our judgment for that of the jury."). Therefore, by viewing the evidence in the light most favorable to the jury's verdict, the surveillance footage, coupled with the evidence showing that the stolen items were found at Defendant's home, justifies the jury's finding that the State established beyond a reasonable doubt that Defendant committed the burglaries.

{10} Third, Defendant contends that the evidence was insufficient to establish that he committed two acts of burglary. However, evidence was presented at trial that the

surveillance camera was triggered by movement on three different occasions between 10:00 p.m. and 1:15 a.m. on the night in question. The jury saw the footage and heard arguments from both sides regarding whether there was more than one burglary and whether Defendant was the culprit. The jury made its determination, and we will not reweigh the evidence in order to second-guess its ultimate conclusion that Defendant committed one burglary, left, and later returned to commit a second burglary. *See id.*

{11} Finally, Defendant argues that there was insufficient evidence to support his conviction for conspiracy to commit burglary. "Conspiracy consists of knowingly combining with another for the purpose of committing a felony within or without this state." NMSA 1978, § 30–28–2(A) (1979). The crime of conspiracy "is complete when the felonious agreement is reached," and "[s]uch an agreement need not be proven by direct evidence; the agreement may be in the form of a mutually implied understanding and may be inferred from circumstantial evidence." *State v. Johnson*, 2004–NMSC–029, ¶ 49, 136 N.M. 348, 98 P.3d 998. Defendant argues that because the other burglars were not identified at trial or proved to have any relationship with Defendant, there was insufficient evidence that any agreement to commit the burglaries was ever made. However, the mere fact that the jury determined that Defendant appeared in the surveillance footage burglarizing Westlake Hardware along with several other people presented strong circumstantial evidence to support its conclusion that Defendant had, in fact, agreed with at least one of them to commit the burglaries. We will not disturb the jury's conclusion that such an agreement took place. *See Trujillo*, 2002–NMSC–005, ¶ 28, 131 N.M. 709, 42 P.3d 814.

## CONCLUSION

{12} There was sufficient evidence to support Defendant's convictions. We affirm.

{13} **IT IS SO ORDERED.**

I CONCUR: LYNN PICKARD, Judge.

RODERICK T. KENNEDY, Judge (specially concurring).

KENNEDY, Judge (specially concurring).

{14} I concur that absent the suppression of any evidence illegally obtained, the evidence presented at trial is sufficient to convict Defendant as charged. Any illegality that tainted the first entry onto Defendant's premises and the later search of his premises under a search warrant obtained based on evidence gathered in that first entry is the subject of the dissent I have filed with the memorandum opinion also filed in this case. This special concurrence is subject to the reservations expressed in that dissent in which I stated that I believe that Defendant preserved his arguments that the initial entry to his premises was unlawful, that the illegality tainted the application for the search warrant, and that the warrant was therefore legally insufficient. Hence, if my dissent is correct, no evidence obtained from Defendant's premises should have been admitted at trial.