This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

     Plaintiff-Appellee,

v.                                                                             **No. 34,262**

**JOHNETTA OATES**,

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Raymond L. Romero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRENCH, Judge.**

{1} Defendant, Johnetta Oates, appeals her convictions for larceny and conspiracy to commit larceny. Defendant argues that the evidence was insufficient to support her convictions, and that the district court committed fundamental error and plain error when it asked two witnesses to identify a person in the courtroom. We affirm.

**BACKGROUND**

{2} Defendant's charges arose out of a theft of approximately 130 feet of copper wire that supplied power to a well pump. The property where the well was located was monitored by motion sensitive security cameras. A security camera image taken on the property on October 19, 2013, showed a person identified at trial as Defendant sitting in the passenger seat of a white Dodge Ram 1500 V8 Magnum truck. Another image from that series showed Defendant walking in the vicinity of an electrical disconnection box. The security camera also captured an image of a person identified at trial as Defendant's son, Shawn Calapp, driving the same white truck not long after. On October 20, 2013, a white truck was photographed entering and then leaving the area after midnight. No other vehicles came to the area during that time. Power to the well was interrupted on October 20, 2013, as a result of the removal of copper electrical wire.

{3} Evidence was presented that on October 21, 2013, Defendant went to Hobbs

Iron & Metal, Inc., in a white Dodge Ram truck and sold 78lbs. of #1 copper wire. On October 22, Shawn Calapp went to Hobbs Iron & Metal in the same truck and sold 65lbs. of #1 copper wire. A sample of wire taken from the scene of the theft was identified at trial as #1 copper wire. Additional facts will be provided as necessary.

**DISCUSSION**

**I.      Sufficiency of the Evidence**

**{4}**      Defendant argues that the evidence was insufficient to support her convictions. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). "Because an appellate tribunal does not enjoy the same exposure to the evidence and witnesses as the jury at trial, our review for sufficiency of the evidence is deferential to the jury's findings." *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057. "[Our] appellate courts will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting its judgment for that of the jury." *State v. Vargas*, 2016-NMCA-038, ¶ 27, 368 P.3d 1232 (internal

3

quotation marks and citation omitted). "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. In reviewing for substantial evidence, "we ask whether a rational jury *could* have found beyond a reasonable doubt the essential facts required for a conviction." *State v. Astorga*, 2015-NMSC-007, ¶ 57, 343 P.3d 1245 (internal quotation marks and citation omitted).

{5} In order to convict Defendant of larceny, the State had the burden to prove beyond a reasonable doubt that: (1) Defendant removed copper wire belonging to another, which had a market value over $500; (2) at the time she took this property, Defendant intended to permanently deprive the owner of it; and (3) this happened in New Mexico on October 20, 2013. *See* UJI 14-1601NMRA (setting out uniform jury instructions for larceny); *see also* NMSA 1978, § 30-16-1 (2006) (setting out the elements of larceny). In order to convict Defendant of conspiracy the State was required to prove beyond a reasonable doubt that Defendant and another, by words or act, agreed together to commit the crime of larceny and they intended that it be committed. *See* NMSA 1978, § 30-28-2 (1979) (defining conspiracy).

4

{6} Defendant does not dispute the value of the property or the date of the offense. She only challenges the sufficiency of the evidence to prove that she participated in the theft. Defendant argues that although the evidence established that she sold copper wire at a business some days after the wire was stolen, the evidence was insufficient to prove that she stole or conspired to steal wire. We disagree.

{7} The State presented circumstantial evidence that connected Defendant to the theft of the copper wire, and it was reasonable for the jury to rely on that evidence. *Cf. State v. Schwartz*, 2014-NMCA-066, ¶ 36, 327 P.3d 1108 (stating that New Mexico does not recognize a difference between direct and circumstantial evidence). Defendant was identified as one of two people who, in a white Dodge Ram truck, went to the area where the stolen copper wire was located on the day before the theft. Shawn Calapp was the other person identified in the area from which copper wire was stolen. There was evidence presented that the same truck returned to the area after midnight on October 20, 2013, and that copper wire was removed. There was also evidence that, in the days following the removal of the copper wire, Defendant and Mr. Calapp went separately to Hobbs Iron & Metal in the same white Dodge Ram truck and sold quantities of the type of copper wire that was stolen.

{8} We conclude that there was substantial evidence from which a reasonable jury

could find beyond a reasonable doubt that Defendant was one of the two people who committed, and conspired to commit, larceny of the copper wire in question. *See Astorga*, 2015-NMSC-007, ¶ 57 (stating that substantial evidence is evidence of a direct or circumstantial nature that could allow a rational jury to find "beyond a reasonable doubt the essential facts required for a conviction" (internal quotation marks and citation omitted)); *State v. Rojo,* 1999-NMSC-001, ¶ 23, 126 N.M. 438, 971 P.2d 829 ("Just because the evidence supporting the conviction was circumstantial does not mean it was not substantial evidence." (internal quotation marks and citation omitted)); *State v. Herrera,* 2015-NMCA-116, ¶ 18, 362 P.3d 167 (stating that conspiracy may be proven by circumstantial evidence); *State v. Gonzales*, 2008-NMCA-146, ¶ 11, 145 N.M. 110, 194 P.3d 725 (concluding that defendant's appearance with others in a surveillance video burglarizing a hardware store was strong circumstantial evidence to support conspiracy).

## II. Fundamental Error and Plain Error

{9}     Defendant argues that she was denied a fair trial because the district court demonstrated bias in favor of the State when it interrupted the trial and asked two witnesses, who had identified Shawn Calapp in photographs, to identify him in the courtroom. Defendant did not preserve this issue with an objection in the district

6

court. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"). Accordingly, she asks this Court to review this issue for fundamental and plain error. *See State v. Lucero*, 1993-NMSC-064, ¶¶ 12-13, 116 N.M. 450, 863 P.2d 1071 (stating that unpreserved issues are reviewed for fundamental error or, if the issue is evidentiary, plain error).

**{10}** "Fundamental error only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand." *State v. Stevens*, 2014-NMSC-011, ¶ 42, 323 P.3d 901 (internal quotation marks and citation omitted). Plain error review is less stringent than fundamental error review. *Lucero*, 1993-NMSC-064, ¶ 13. Plain error can be established when the error affects the substantial rights of the defendant. *Id.*; *see* Rule 11-103(E) NMRA ("A court may take notice of plain error affecting a substantial right, even if the claim of error was not properly preserved."). To find either plain or fundamental error, we must have grave doubts about the correctness of the verdict. *See Astorga*, 2015-NMSC-007, ¶ 49 ("Under either standard, we must be convinced that admission of the evidence in question creates grave doubts concerning the validity of the verdict." (internal quotation marks and citation omitted)); *State v. Onsurez*, 2002-NMCA-082, ¶ 15, 132

N.M. 485, 51 P.3d 528 ("To find either [plain or fundamental error], we must harbor serious concerns as to the correctness of the verdict."). The State concedes that plain error review is appropriate for Defendant's claim of error because it is evidentiary. *See Lucero*, 1993-NMSC-063, ¶ 13 (stating that plain error review is appropriate for unpreserved claims of error relating to evidentiary matters). We agree, and therefore examine Defendant's claim of error under the stringent standard of plain error review. *See State v. Dylan J.*, 2009-NMCA-027, ¶ 15, 145 N.M. 719, 204 P.3d 44 (stating that because the plain error rule is an exception to the preservation requirement, "it is to be used sparingly").

{11} Pursuant to Rule 11-614(B) NMRA, the district court is permitted to question witnesses. *See* Rule 11-614(B) ("The court may examine a witness regardless of who calls the witness."). Accordingly, Defendant does not argue that the mere fact that the district court questioned witnesses violated Rule 11-614(B). Instead, Defendant argues that the district court exhibited bias against her by questioning two witnesses about whether Shawn Calapp was present in the courtroom, when he was not called as a witness by the State or Defendant.

{12} In support of her argument that the district court's actions constituted plain error, Defendant relies on *State v. Paiz*, 1999-NMCA-104, 127 N.M. 776, 987 P.2d

8

1163. The *Paiz* Court considered the trial as a whole, and found that the errors of the judge "seriously affected the fairness of the trial." *Id.* ¶¶ 27, 29. In *Paiz*, this Court found that a trial judge violated Rule 11-614 and committed plain error when it excessively questioned multiple witnesses, commented on the evidence in a partial manner, and exhibited bias by interrupting defense counsel's questioning with a sarcastic question on a critical matter. *Paiz*, 1999-NMCA-104, ¶¶ 19-22, 27. This case is different than *Paiz*. Defendant has not asserted that the district court's questions were excessive or even extensive, nor asked in an improper tone. We are not led to the conclusion that the district court demonstrated bias because the district court's questioning elicited arguably inculpatory evidence. *Cf. In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, [that] counsel . . . was unable to find any supporting authority."). Moreover, even if we assume, as Defendant contends, that the district court elicited extrinsic evidence, we do not conclude that the district court's brief questioning of two witnesses constitutes plain error requiring reversal. *Cf. id.*; *State v. McDonald*, 1998-NMSC-034, ¶ 16, 126 N.M. 44, 966 P.2d 752 ("The critical inquiry is whether the trial judge's behavior was so prejudicial that it denied the appellants a fair, as opposed to a perfect, trial[.]" (alterations, internal quotation

marks, and citation omitted)). In sum, unlike *Paiz* where the judge "persistently questioned the witnesses and interrupted counsel in a manner that was not always neutral in tone of voice, . . . was repeatedly supportive of the [s]tate's case[,] . . . [and] unmistakenly conveyed to the jury a sense that the judge thought that [the d]efendant was guilty[,]" the district court's actions in this case do not lead us to doubt the validity of the verdict. 1999-NMCA-104, ¶ 31. Accordingly, we decline to find plain error. *See Astorga*, 2015-NMSC-007, ¶ 49 (stating that plain error review requires "grave doubts concerning the validity of the verdict" (internal quotation marks and citation omitted)).

**CONCLUSION**

{13}     For the reasons stated, we affirm Defendant's convictions.

{14}     **IT IS SO ORDERED.**


_____
**STEPHEN G. FRENCH, Judge**


**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**

10

_____

**M. MONICA ZAMORA, Judge**