This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** **No. 36,287**

**FREDDIE MIRABAL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hadfield, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}    Defendant appeals from the district court's judgment and sentence, entered after a jury trial, convicting him for conspiracy to commit non-residential burglary. Unpersuaded that Defendant's docketing statement established error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition to our notice. Having considered Defendant's response, we remain unpersuaded, and affirm.

{2}    On appeal, Defendant challenges the sufficiency of the evidence to support his conviction for conspiracy to commit non-residential burglary. We do not reiterate the full analysis set forth in our notice; we respond only to the specific assertions made in Defendant's memorandum in opposition. Defendant's response repeatedly claims that there was no evidence that he knew the generator in his truck had been stolen or how it was stolen, and there was no evidence that he had an agreement with Mr. Milligan to take the generator. [MIO 1, 2-3, 6] We also understand Defendant's response to clarify that he told detectives that he drove Mr. Milligan to Mr. Milligan's apartment at the Rio Volcan Apartment Complex to retrieve some belongings and did not participate at all in taking any city-owned property. [MIO 2]

{3}    We note that there was no evidence presented that would support Defendant's claim that he drove Mr. Milligan to his apartment to retrieve Mr. Milligan's belongings. In fact, the State's witness list indicates that it at least intended to call the

maintenance supervisor and apartment manager of the Rio Volcan Apartment Complex, where the generator was stolen and where Mr. Milligan claimed to have resided. [RP 44] We presume the State's witnesses did not support Defendant's claim that he was at Mr. Milligan's apartment to retrieve Mr. Milligan's belongings. [RP 44] It appears to us that Defendant has not supplied this Court with a complete understanding of the State's evidence presented at trial. *See State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353 (observing that the docketing statement is intended to serve as a fair substitute for the complete record on the summary calendar); *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (explaining that we construe the appellate rule governing the content of docketing statements to include the requirement that the appellant provide all the facts that support affirmance); *State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails in the obligation under Rule 12-208 NMRA to provide us with a summary of all the facts material to consideration of the issue raised on appeal, we cannot grant relief on the ground asserted).

{4}    While we recognize that the jury is free to reject Defendant's version of events and that its disbelief thereof cannot substitute for affirmative proof of the State's case, *see State v. Wynn*, 2001-NMCA-020, ¶ 6, 130 N.M. 381, 24 P.3d 816, we believe the State presented sufficient circumstantial evidence from which the jury could

reasonably infer the existence of a conspiracy. *See State v. Estrada*, 2016-NMCA-066, ¶ 39, 377 P.3d 476 (noting "that conspiracies may be (and often are) proven with circumstantial evidence"). The State presented evidence that the city-owned generator had a tracking device installed on it and that it had activated around 3:04 a.m. by a triggering event. [DS 1; MIO 1] The docketing statement indicated that the State presented evidence that APD officers were dispatched to the maintenance storeroom where the generator was supposed to be and found the door to the storeroom ajar and left unlocked, and the generator was missing. [DS 1] The docketing statement also indicated that, at the same time that the Albuquerque Police Department (APD) officers were dispatched, detectives were monitoring and following the signal of the tracking device on the generator. [DS 2] The detectives tracked the generator's signal to an area, in which one of the detectives located the generator's tracking device in a green Dodge pickup truck that was beginning to park on the side of the road. [DS 2] The detective discovered that the green Dodge pickup truck was driven by Defendant, who had parked the pickup by his home, and began walking into his home with his passenger, Mr. Milligan. [DS 2; MIO 1] The detective saw the missing generator in plain view in the bed of the pickup. [DS 2; MIO 2] Detectives performed a search of the pickup, pursuant to a warrant, and found a large dolly with yellow cargo straps, air conditioning gauges, and a soldering kit in a black case, all in the bed of the pickup

4

truck. [DS 2; MIO 2] Inside the cab of the pickup, detectives found a lock-pick set and a set of bolt cutters on the floorboard of the passenger seat. [DS 2; MIO 2] The detectives searched Defendant and Mr. Milligan incident to their arrests and found jiggle keys (used for lock-picking), sandpaper, and a small container of oil on Mr. Milligan. [MIO 2] Defendant told the detectives that he was only giving Mr. Milligan a ride to his apartment to retrieve some of his belongings at the Rio Volcan Apartment Complex. [MIO 2]

{5}     The time line described in the docketing statement, which is not disavowed by the memorandum in opposition, refutes Defendant's claims that he had no idea how the generator was stolen and did not agree to participate in it. In light of the activation of the tracking device, the detectives tracing the signal of the tracking device, and the discovery of the evidence of all the burglary tools found in Defendant's pickup with the generator itself, the State's evidence indicated that the generator was stolen from the maintenance storeroom at the Rio Volcan Apartment Complex and was then placed in Defendant's pickup. [DS 1-2] The evidence provides no indication that the generator may have been taken from Mr. Milligan's apartment when Defendant went to the apartment complex to help move the generator in Defendant's pickup truck. Based on the time line of the tracking device's activation and the discovery of the generator, the other city-owned property, and the burglary tools found in Defendant's

5

truck, the jury could reasonably infer that Defendant was present when the generator was taken from the maintenance storeroom and acted at least as the "get-away" driver. From the sheer number and large size of items taken and the burglary tools required to take and move the property, the jury could reasonably infer that planning and assistance was needed and that Defendant agreed and worked in concert with Mr. Milligan with an intent to move and/or remove the property. *Cf. State v. Gonzales*, 2008-NMCA-146, ¶ 11, 145 N.M. 110, 194 P.3d 725 (holding that the evidence that the defendant and several other unknown people were working in concert to burglarize a structure "presented strong circumstantial evidence to support its conclusion that [the d]efendant had, in fact, agreed with at least one of them to commit the burglaries"). Based on the location of the generator in a maintenance storeroom, the presence of numerous burglary tools, and the hour of 3:04 a.m. when Defendant assisted Mr. Milligan, the jury could reasonably infer that Defendant knew they were taking and moving property that did not belong to Mr. Milligan or Defendant. *See State v. Gallegos*, 2011-NMSC-027, ¶ 45, 149 N.M. 704, 254 P.3d 655 (acknowledging that, due to the typically clandestine nature of conspiracies, the state's proof of a conspiracy is seldom direct evidence of the agreement, and the jury must "infer the existence of an agreement based on the defendant's conduct and surrounding circumstances"). We reject Defendant's claim that jury relied on

improper inferences, surmise, or a cynical speculation to fill in gaps of the State's proof. [MIO 4]

{6}     Based on the all the circumstantial evidence and the reasonable inferences the jury could draw from that evidence, we are persuaded that the State met its burden of establishing the existence of a conspiracy to commit burglary as it was defined for the jury. [RP 93] *See* NMSA, § 30-28-2(A) (1979); UJI 14-2810 NMRA. For the reasons stated above and in our notice, we affirm the district court's judgment and sentence

{7}     **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**HENRY M. BOHNHOFF, Judge**